In The



Court of Appeals



Ninth District of Texas at Beaumont


 

____________________



NO. 09-01-142 CV


____________________



JAMES E. GIDDENS, Appellant



V.



KAREN BROOKS, M.D. AND 


MEMORIAL MEDICAL CENTER OF EAST TEXAS, Appellees






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. 33246-00-07






OPINION


 The trial court dismissed with prejudice this medical malpractice suit because the
plaintiff, James E. Giddens, failed to produce an expert report supporting his claim. 
Appellant Giddens broke his jaw in a motor vehicle accident in July 1998 and thereafter
sued Dr. Karen Brooks and Memorial Medical Center of East Texas ("Hospital")
regarding his medical treatment. He alleges that Brooks negligently failed to diagnose and
treat the jaw injury, and that it was not until some weeks after the accident that another
physician correctly diagnosed the fracture and performed the necessary corrective surgery. 
On appeal Giddens asserts the trial court abused its discretion when it dismissed his suit
for failing to comply with the requirements of the Texas Medical Liability and Insurance
Improvement Act. He maintains he complied with the Act by timely filing medical reports
and medical records. Giddens also maintains the trial court erred in denying his request
to appear at the hearing on the appellees' motions to dismiss his suit. 

The Expert Report


 Within 180 days of filing suit, a plaintiff claiming medical malpractice must produce
an expert report detailing the basis for the claim. See Tex. Rev. Civ. Stat. Ann. art.
4590i § 13.01(d) (Vernon Supp. 2003). The expert report must provide a fair summary
of the expert's opinions concerning the applicable standard of care, the manner in which
the care failed to meet the standard, and the causal relationship between that failure and
the injury, harm, or damages claimed. See Tex. Rev. Civ. Stat. Ann. art. 4590i §
13.01(r)(6) (Vernon Supp. 2003); American Transitional Care Ctrs. of Texas, Inc. v.
Palacios, 46 S.W.3d 873, 878-79 (Tex. 2001). When, as here, a trial court dismisses a
suit for failure to comply with the report requirement, an appellate court will not reverse
its decision unless the dismissal constitutes an abuse of discretion. Id. at 877.

 Giddens attempted to satisfy the report requirement by filing medical records. But
the material he filed does not constitute an "expert report." To his motion objecting to
appellees' motions to dismiss his suit, he attached "Progress Notes" from the Hospital, 
"Nurses Triage Assessment," doctor's report on CT scan of head, doctor's report on x-ray
of jaw, Dr. David Bailey's "Report of Operation," and Dr. Bailey's "History and
Physical," "New Patient Visit," and "Established Patient Visit" records on Giddens. The
records do not at any point state a standard of care, the manner in which the care failed to
meet the standard, or any causal relationship between the alleged failure and the injury. 
The medical reports and other records simply report medical treatment. An expert report
must include the required information within its four corners. See Bowie Mem'l Hosp. v.
Wright, 79 S.W.3d 48, 53 (Tex. 2002). The records and notes filed by Giddens do not,
as a matter of law, satisfy the requirements of section 13.01(d),(r)(6) of article 4590i.

 Giddens contends he should be given leeway because he is a pro se litigant. While
it is true that pro se pleadings and briefs are to be liberally construed, a pro se litigant is
still required to comply with the law and rules of procedure. Shull v. United Parcel Serv.,
4 S.W.3d 46, 52-53 (Tex. App.--San Antonio 1999, pet. denied). Giddens was required
to comply with article 4590i, and he did not. 



Attendance at the Dismissal Hearing


 Raising due process grounds under the Texas Constitution, Giddens also complains
of the trial court's failure to grant his request to attend the motion to dismiss hearing. See
Tex. Const. art. I, §§ 13, 19. An appellate court reviews a trial court's determination
of whether an inmate should personally attend proceedings under an abuse of discretion
standard. See Armstrong v. Randle, 881 S.W.2d 53, 57 (Tex. App.--Texarkana 1994, writ
denied). A litigant may not be denied access to the courts simply because he is an inmate. 
See Hudson v. Palmer, 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). 
However, there is no absolute right for an inmate to appear in court in a civil case. See
Armstrong, 881 S.W.2d at 56. In determining whether an inmate should attend court
proceedings, the trial court, with a goal of achieving a balance that is fundamentally fair,
balances the State's interest in preserving the integrity of the correctional system with the
inmate's right of access. Aguilar v. Alvarado, 39 S.W. 3d 244, 248 (Tex. App.--Waco
1999, pet. denied). Some factors the trial courts may consider, when determining whether
an inmate's attendance is necessary, include the following: (1) the cost and inconvenience
of transporting the inmate to the court; (2) the security risk and danger to the court and the
public by allowing the inmate to attend court; (3) whether the inmate's claims are
substantial; (4) whether a determination of the matter can reasonably be delayed until the
inmate is released; (5) whether the inmate can and will offer admissible, non-cumulative
testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6)
whether the inmate's presence is important in judging his demeanor and credibility
compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and
(8) the inmate's probability of success on the merits. Id.

 Here, the trial court had before it two motions to dismiss Giddens' petition; the
motions were both based on Giddens' failure to file the expert report required by section
13.01(d),(r)(6) of article 4590i. The record reveals Giddens did not file an expert report
that complied with the statutory requirements. See art. 4590i § 13.01(r)(6). Giddens'
presence at the hearing would not have altered this failure to comply with the law. There
being no expert report on file, Giddens' attendance at the motion to dismiss was
unnecessary. Dismissal of his suit was required by statute. 

 The judgment is affirmed.

 AFFIRMED.

 _________________________________

 DAVID B. GAULTNEY

 Justice



Submitted on November 15, 2002

Opinion Delivered December 19, 2002

Publish


Before Walker, C.J., Burgess and Gaultney, J.J.